UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND;
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY
FUND; CARPENTER CONTRACTOR
ALLIANCE OF METROPOLITAN NEW
YORK; and NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS,

               Petitioners,

-against-

INSTALLRITE WOODWORKERS INC.,

               Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/2021

20 Civ. 1447 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; the Carpenter Contractor Alliance of Metropolitan New York (together, the "Funds"); and the New York City District Council of Carpenters (the "Union") (together with the Funds, the "Petitioners"), bring this petition pursuant to § 301(a) of the Labor Management Relations Act ("LMRA"), *as amended*, 29 U.S.C. § 185(c), to confirm an arbitration award (the "Award") against Respondent, Installrite Woodworkers Inc. ("Installrite"). Petition ("Pet."), ECF No. 1. Petitioners also seek pre-judgment and post-judgment interest, attorneys' fees and costs, and any other relief that is just and proper. *Id.* at 8. Respondent has not appeared in this action to oppose the petition. For the reasons stated below, the petition to confirm the Award is GRANTED. Petitioners' request for pre-judgment and post-judgment interest is GRANTED. Petitioners' request for attorneys' fees and costs is GRANTED in part.

## BACKGROUND

In 2001, Installrite executed an independent building construction agreement (the "Independent Agreement") with the Union, covering the period between 2001 and 2006. 56.1 Stmt. ¶¶ 6–7, ECF No. 23. In 2011, the Union negotiated a successor agreement to the Independent Agreement covering the period of June 1, 2011, through June 30, 2015 (the "2011–15 Independent Agreement"). *Id.* ¶ 13. The 2011–15 Independent Agreement required Installrite to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union. *Id.* ¶ 16. The 2011–15 Independent Agreement contained, among other things: (1) a requirement that Installrite furnish its books and payroll records when requested by the Funds for the purposes of conducting an audit to ensure compliance with required benefit fund contributions, (2) a clause binding Installrite to the Funds' collection policy, and (3) an arbitration clause. *Id.* ¶¶ 17–19. The 2011–15 Independent Agreement also provided that it would be automatically renewed for one-year intervals, absent notice of termination prior to the expiration of the agreement. *Id.* ¶ 14. Neither party provided any such notice. *Id.* ¶ 15.

The Funds' collection policy provides, in relevant part, that in the event that an employer refuses to permit a payroll review or audit, the Funds may determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contribution for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period. *Id.* ¶ 21. The 2011–15 Independent Agreement also provides that, should the Funds be required to arbitrate a dispute over unpaid contributions, the Funds shall be entitled to collect interest on the unpaid contributions, liquidated damages, and reasonable costs and attorneys' fees. *Id.* ¶ 22.

In 2016, Petitioners requested an audit, and a dispute arose after Installrite failed to provide its books and records for the purposes of conducting the audit. *Id*. ¶¶ 23–24. The Funds determined that Installrite owed an estimated principal deficiency of $1,281,067.52. *Id*. ¶ 25. Petitioners initiated arbitration before the designated arbitrator, Roger E. Maher. *Id*. ¶ 26. On November 13, 2019, the arbitrator rendered the Award in the sum of $1,706,588.95, which included: (1) the estimated principal deficiency of $1,281,067.52; (2) interest of $166,907.93; (3) liquidated damages of $256,213.50; (4) court costs of $400; (5) attorneys' fees of $1,500; and (6) arbitrator's fees of $500. *Id. ¶* 28; Op. & Award at 3, ECF No. 21-7. Petitioners now bring an action in this Court to confirm the Award. *See* Pet Mem.

Separately, Petitioners request attorneys' fees in the amount of $5,288, and $1,107.58 in costs in connection with litigating this petition. 56.1 Stmt. ¶¶ 29–35.

For the reasons stated below, the petition to confirm the Award is GRANTED. The request for pre-judgment and post-judgment interest is GRANTED. The request for attorneys' fees is GRANTED in part.

## DISCUSSION

### I. Legal Standard

Arbitration awards are not self-enforcing; rather, they must "be given force and effect by being converted to judicial orders." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). The Federal Arbitration Act ("FAA") provides that any party in an arbitration proceeding can apply for a judicial decree confirming the award, and a court must grant the award unless it has been vacated, modified, or corrected as prescribed by §§ 10 and 11 of the FAA. 9 U.S.C. § 9.

Section 10 lists grounds for vacating an award, including where the award was procured by "corruption," "fraud," or "undue means," and where the arbitrators were "guilty of

misconduct," or "exceeded their powers."  Under § 11, the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in [a] matter of form not affecting the merits."  *Finkel v. Pomalee Elec. Co.*, No. 16 Civ. 4200, 2018 WL 1320689, at *6 (E.D.N.Y. Feb. 22, 2018) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008) (alterations in original)).

District courts have a "narrowly limited" role when reviewing arbitration awards.  *Kobel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013).  The FAA promotes great deference to arbitration panel determinations in order to achieve the goals of settling disputes efficiently and avoiding long and costly litigation.  *Id.*  Thus, "there is no general requirement that arbitrators explain the reasons for their award, and [] an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached."  *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citations omitted).

"[A] district court should treat an unanswered [] petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment."  *D.H. Blair & Co.*, 462 F.3d at 110.  Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A court must consider all evidence in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co.*

*of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  Although Installrite has not appeared in this action, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).

II.   Analysis

Petitioners argue that they are entitled to confirmation of the Award, pre-judgment and post-judgment interest, and attorneys' fees and costs.  Pet. Mem., ECF No. 5.  The Court agrees.

A. Confirmation of the Award

Petitioners have carried their burden to demonstrate that there is no genuine dispute of material fact with respect to confirmation of the Award.  It is uncontested that the dispute was subject to arbitration.  56.1 Stmt. ¶ 19.  Petitioners have established at least a "barely colorable justification," *Landy Michaels Realty Corp.*, 954 F.2d at 797, for the Award based on its allegations concerning Installrite's actions.  *Id.* ¶¶ 24–25.  And, after holding a hearing and reviewing evidence, the arbitrator issued the Award.  *See* Op. & Award at 1–3.  Accordingly, the Court confirms the Award.

B. Pre-judgment and Post-Judgment Interest

In addition, Petitioners request pre-judgment interest and post-judgment interest.  Pet. Mem. at 7–8.

The Court finds the pre-judgment interest is appropriate.  Pursuant to the Award, Petitioners request pre-judgment interest at an annual rate of 7.5% from November 13, 2019, the date of the Award, through the date of judgment confirming the award.  *Id.*  There is a "presumption in favor of prejudgment interest."  *N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, No. 11 Civ. 8425,  2012 WL 2958265, at *4 (S.D.N.Y. July 20, 2012) (internal quotation marks and citation omitted); *Serv. Emps. Int'l Union Local 32BJ v. Laro Serv. Sys.*,

Inc., No. 9 Civ. 9089, 2010 WL 2473592, at *3 (S.D.N.Y. May 28, 2010) (granting "prejudgment interest . . . from the date of [the] arbitration award"); *Serv. Emps. Int'l Union, Local 32BJ v. Stone Park Assocs.*, 326 F. Supp. 2d 550, 556 (S.D.N.Y. 2004) (granting "prejudgment interest . . . on the amounts due from the date of the award to the judgment"). Accordingly, Petitioners' request is granted.

The Court also finds that post-judgment interest is appropriate. "The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996). Post-judgment interest is governed by the statutory rate in 28 U.S.C. § 1961, which states:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment.

28 U.S.C. § 1961 (footnote omitted).

Because the Court's confirmation of the Award is a money judgment in a civil case, Petitioners are entitled to post-judgment interest at the statutory rate. Accordingly, this request is granted.

C. Attorneys' Fees and Costs

Petitioners' request for reasonable attorneys' fees and costs is granted in part. Courts in this circuit have held that, "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may be awarded." *N.Y. Hotel & Motel Trades Council v. CF 43 Hotel, LLC*, No. 16 Civ. 5997, 2017 WL 2984168, at *4 (S.D.N.Y. June 14, 2017). In order to support a request for attorneys' fees, petitioners must submit "contemporaneous time records [that] specify, for each attorney, the date, the hours expended, and the nature of the work

done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Moreover, "the party seeking fees bears the burden of demonstrating that its requested fees are reasonable." *Rong De Invs. Ltd. v. GFS Invs., Inc.*, No. 17 Civ. 5941, 2019 WL 5682894, at *1 (S.D.N.Y. Nov. 1, 2019) (internal quotation marks and citation omitted). A court's calculation of "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks and citation omitted). "The reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).

In support of Petitioners' claim for attorneys' fees in connection with this petition, Petitioners' counsel from the law firm Virginia & Ambinder, LLP ("V&A") submits a declaration from associate Marlie Blaise, along with contemporaneous time records totaling 30.5 hours of work and seeking $5,288 in attorneys' fees. ECF No. 22. The work done in this case was performed by two lawyers: associate Marlie Blaise, whose time was billed at a rate of $275 per hour, and partner Nicole Marimon, whose time was billed at $350 per hour. *Id.* ¶¶ 4–5. V&A's billing records demonstrate that various legal assistants also worked on the case at a rate of $120 per hour. ECF No. 22-1.

Upon review of the contemporaneous time records, the Court finds that the number of hours expended was reasonable. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund et al. v. Metroplex Serv. Grp., Inc.*, No. 18 Civ. 5889, 2018 WL 4141034, at *6 (S.D.N.Y. Aug. 30, 2018) (explaining that an invoice "reflects sound billing practices" when "[i]t is thorough, detailed, relevant, and easy to understand, with no evident duplication of effort").

However, the Court finds that the Petitioners' requested hourly rates are above the range of attorneys' fees ordinarily awarded for similar cases. The Court declines to approve Marimon's hourly rate of $350. Courts in this district have found that $300 per hour is a reasonable rate for partners performing similar work. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. JB Squared Constr. Corp.*, No. 20 Civ. 2659, 2020 WL 6825693, at *6 (S.D.N.Y. Nov. 19, 2020); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Shorecon-NY, Inc.*, No. 17 Civ. 5210, 2020 WL 3962127, at *5 (S.D.N.Y. July 13, 2020). And, several courts in this district have recently reduced Marimon's hourly rate to $300. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2020 WL 6825693, at *6; *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2020 WL 3962127, at *5. Accordingly, the Court concludes that a rate of $300 per hour is appropriate for the work performed by Marimon.

For similar reasons, the Court cannot approve the rate of $275 per hour for Blaise. Courts in this district have found $225 to be an appropriate rate for similar work done by someone with similar experience. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2020 WL 6825693, at *6; *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining Educ. & Indus. Fund v. Furniture Bus. Sols., LLC*, No. 20 Civ. 02867, 2020 WL 6525466, at *5 (S.D.N.Y. Nov. 5, 2020) (collecting cases). Accordingly, the Court reduces Blaise's hourly rate to $225.

The Court concludes that a rate of $120 per hour for a legal assistant's work is reasonable. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. M & A Advanced*

*Design Constr. Inc.*, No. 18 Civ. 8453, 2019 WL 1386069, at *4 (S.D.N.Y. Mar. 27, 2019) (finding a rate of $120 per hour for V&A legal assistant reasonable).

In addition, Petitioners seek to recover $1,107.58 in costs. Petitioners request reimbursement of expenses on filing fees, postage, services fees, and legal research. ECF No. 22-1 at 8. "Recovery of such costs is routinely permitted." *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund, et al. v. Onyx Glass & Metal Corp.*, No. 14 Civ. 7333, 2015 WL 5144120, at *7 (S.D.N.Y. Sept. 1, 2015) (filing fees and postage); *N.Y.C. Dist. Council of Carpenters v. Ross Sales & Contr. Inc.*, No. 14 Civ. 04106, 2015 WL 150923, at *3 (S.D.N.Y. Jan. 5, 2015) (court and service fees); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Premium Sys., Inc.*, No. 12 Civ. 1749, 2012 WL 3578849, at *5–6 (S.D.N.Y. Aug. 20, 2012) (filing fee and service expenses). Thus, this request is granted.

Accordingly, Petitioners' request for attorneys' fees and costs is granted subject to the following rate adjustments: $225 per hour for Blaise and $300 per hour for Marimon. Therefore, Petitioners are entitled to $4,908 in attorneys' fees and $1,107.58 in costs.

## CONCLUSION

For the reasons stated above, the petition to confirm the Award is GRANTED. Petitioners' request for pre-judgment and post-judgment interest is GRANTED. Petitioners' request for reasonable attorneys' fees and costs is GRANTED in part. The Clerk of Court is directed to enter judgment against Installrite in the amount of (1) $1,706,588.95 pursuant to the Award; (2) $4,908 in attorneys' fees; (3) $1,107.58 in costs (4) pre-judgment interest at a rate of

7.5 % from November 13, 2019 to the date of judgment; and (5) post-judgment interest at the statutory rate.

The Clerk of Court is further directed to terminate the motion at ECF No. 20 and close the case.

SO ORDERED.

Dated: March 30, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge